In the Matter of FAMILY AUCTION MARKETS, INC., Respondent, against THEODORE HILL, JR., et al., as Members of the Board of Zoning Appeals of the Town of Yorktown, Respondents, and LILLIAN S. HANNES et al., Appellants.— In a proceeding pursuant to article 78 of the Civil Practice Act and subdivision 7 of section 267 of the Town Law, to review the determination of the board of zoning appeals of the Town of Yorktown, affirming the denial of petitioner's application for a building permit, the movants, property owners in the neighborhood, appeal from an order denying their motion for permission to intervene in the proceeding, to vacate the order annulling the board's determination and for other relief. Order affirmed, without costs. (See Matter of Family Auction Markets v. Hill, post, p. 824, decided herewith.) Nothing shown by movants would have warranted a denial of petitioner's application for the building permit. MacCrate, Schmidt and Murphy, JJ., concur; Nolan, P. J., and Beldock, J., concur in result.

■

In the Matter of FAMILY AUCTION MARKETS, INC., Respondent, against THEODORE HILL, JR., et al., as Members of the Board of Zoning Appeals of the Town of Yorktown, Appellants.— In a proceeding pursuant to article 78 of the Civil Practice Act, and subdivision 7 of section 267 of the Town Law, to review the determination of the respondents, members of the board of zoning appeals of the Town of Yorktown, affirming the denial of petitioner's application for a building permit, respondents appeal from orders annulling their determination and directing the issuance of the permit. Order dated September 23, 1953, affirmed, without costs. No opinion. (See Matter of Family Auction Markets v. Hill, ante, p. 824, decided herewith.) Appeal from order dated August 24, 1953, dismissed, without costs. The order was superseded by the order of September 23, 1953. MacCrate, Schmidt and Murphy, JJ., concur; Adel, Acting P. J., concurs as to the dismissal of the appeal from the order dated August 24, 1953, but dissents and votes to reverse the order dated September 23, 1953, and to dismiss the petition, with the following memorandum: The determination of the Board of Zoning Appeals interpreting the zoning ordinance of the Town of Yorktown and holding that the building sought to be erected is not permitted in the district is sustained by the language of the ordinance. The building, as planned, is a large one-story, flat-roofed structure, approximately 163 feet by 100 feet, with an apartment somewhat penthouse style approximately 24 feet by 23 feet on one corner, extending some 8 feet above the roof. The only residential part of the building is a small apartment in that penthouse, which contains a bedroom, living room, kitchen and bath. The ordinance is reasonably clear. What may be erected in the district are: (a) one-family dwellings; (b) two-family detached dwellings; (c) a pair of semi-detached dwellings with party walls, and one family in each house, and (d) the buildings so erected are to be used for dwelling purposes, but the first floor of any such building may be used for professional or retail merchandising purposes or for the performance of customary personal services or services incidental to the retail sale of goods. It is provided further, however, that when such first floor of any section of a row or group building is used for professional or

retail merchandising purposes there shall be no living quarters to the rear on the same floor with such permitted use. The building planned is principally a mercantile structure, and the apartment is merely incidental or added as an attempt to qualify the building for the particular district. By no stretch of the language used in the ordinance may it be said that the proposed building is one permitted in the district. Beldock, J., concurs with Adel, Acting P. J.